TUDOR J. ADAMS *vs.* HIRAM W. ADAMS AND WIFE.

As between the parties the court will hold an absolute deed to be a mortgage, where it appears, expressly or by implication, that it was so intended; but only where it so appears.

A mortgagor applied to the mortgagee for a further loan of $300 on premises already mortgaged for $300. The mortgagee refused to make the further loan, but agreed to purchase the premises for the $600. Upon this the mortgagor conveyed the premises to the mortgagee by an absolute deed, and the latter paid him the $300 and gave up the mortgage note of $300, and agreed that the grantor might re-purchase the property at any time within six months on paying $600. Held not to be a mortgage, but a sale with an optional right in the grantor to re-purchase.

[Argued January 17th—decided February 1st, 1884.]

SUIT for the redemption of mortgaged property; brought to the Court of Common Pleas of Hartford County, and heard before *Bennett, J.* The court found the following facts:—

On the 23d of May, 1879, Jane F. Adams bought of William D. Adams his undivided one-half interest in the property described in the complaint for $300. The other one-half interest was owned by the plaintiff. The whole property was subject to a mortgage of $1,400. The mother

of the plaintiff then held a life estate in the property, but died in November, 1879. The value of the whole property at that time did not exceed $4,000. On the 7th of February, 1880, the plaintiff borrowed of Mrs. Adams $300, and mortgaged his interest in the property to secure its payment. On the 20th of March, 1880, the plaintiff executed and delivered to her a warranty deed conveying all his interest in the property, subject to the mortgages of $1,400 and $300, and received therefor $300 in money and the surrender of the note for $300 secured by the mortgage of February 7th, 1880.

The plaintiff has never given a note nor any other writing evidencing a promise to pay to Mrs. Adams the $300. Neither has the plaintiff ever had any defeasance in writing collateral to the warranty deed. The defendants have been in exclusive possession of the property since March, 1880. The plaintiff had full knowledge when he executed and delivered the warranty deed, that H. W. Adams, who was conducting this transaction in behalf of his wife, had positively refused to make a loan of $300 and take a mortgage on his interest in the property as security. He was ready to buy the plaintiff's interest. He did, however, tell the plaintiff at the time of the delivery of the warranty deed that if within six months he paid to him $600 he could have back his interest in the property.

No demand nor claim of right of any kind regarding this property was afterwards ever made by the plaintiff of either of the defendants until about June, 1882. He then claimed that the warranty deed of March 20th, 1880 was in fact a mortgage, and offered to redeem under it, but without any tender of the money. The defendants denied his claim of mortgage and refused his offer to redeem.

Upon these facts the court rendered judgment for the defendants. The plaintiff appealed.

*W. W. Perry*, for the appellant.

*D. L. Aberdein*, for the appellee.

CARPENTER, J. This is a suit to redeem an alleged mortgage. The plaintiff claimed that an absolute deed which he had given to Mrs. Adams, one of the defendants, was in fact a mortgage. The court held otherwise and dismissed the complaint. The plaintiff appealed.

As between the grantor and grantee a court of equity will treat a deed, absolute on its face, as a mortgage, where it appears, expressly or by implication, that such was the intention of the parties. The reason for this is, that the court will give effect to the real contract between the parties, where the contract is legal and is not contrary to the policy of the law.

But when the transaction on its face does not purport to be a mortgage, and it expressly appears that the parties intended that it should not be a mortgage, the court cannot treat it as such any more than it can make a contract for the parties.

Mrs. Adams held a mortgage on the land in question; the plaintiff applied for a further loan, offering as security an additional mortgage upon the same property. This she declined, but proposed to purchase the plaintiff's interest in the property. The plaintiff assented to that proposition, and thereupon executed and delivered a deed of the property and Mrs. Adams surrendered the note secured by an existing mortgage. The plaintiff however was told that he could have his land again upon paying the note and the money paid at any time within six months.

The court below correctly regarded this transaction just as the parties did, not as a mortgage to secure a loan, but as a sale, with an option in the plaintiff to re-purchase at any time within six months.

There is no error in the judgment.

In this opinion the other judges concurred.