HARRY GASSERT ET AL., respondents, v. GUSTAVUS BOGK, appellant.

*Landlord and tenant — Demand of possession — Admissions in pleadings — Sale of lands with agreement to reconvey — Nonsuit.* — The respondents brought an action before a justice of the peace for the possession of certain real estate withheld by the appellant, contrary to the terms of a certain lease from them to him. The appellant, in his answer, set up title, and the case was certified to the district court. Upon trial, the respondents introduced in evidence certain deeds of the premises to themselves from the appellant, and an instrument in writing, of the same date as the deeds, executed by them, but not signed by the appellant, in which it was agreed that the appellant could repurchase the property at a stipulated price within one year. They also introduced the lease aforesaid, which was dated two days later than the deeds and agreement, and testimony showing the reasonable value of the rents and profits of the premises, and the withholding of the appellant. They offered no proof of a demand for the possession of the property, but their com-

plaint averred such a demand, and the answer failed to deny the averment. The appellant moved for a nonsuit, on the grounds that no demand had been proven. and that the transaction between the parties constituted a mortgage. *Held*, that there was no necessity for offering proof of a demand; and that the motion for a nonsuit was properly denied on the evidence as presented on the other ground, the transaction being *prima facie* one of absolute sale.

*Evidence — Competency.* — The appellant objected to the introduction of the lease in evidence, on the ground that it contradicted the deeds and agreement to reconvey: *held*, that the objection was properly overruled.

*Mortgage of realty — Nature of obligation secured — Semble.* — The court said: " A mortgage is now a security, and it is quite impossible to conceive of a conveyance which would or could be a mortgage, unless it was given to secure the performance of some act or obligation. A promise to pay need not necessarily be in writing to constitute a conveyance a mortgage securing the same; such a promise may be implied from the facts of a transaction; but the absence of any writing showing an express promise to pay is strong evidence that a conveyance of realty was not intended as a mortgage."

CONVEYANCE OF REALTY. — *Absolute sale or mortgage.* — The court laid down the following rules for guidance in cases of a conveyance of real estate accompanied by an agreement on the part of the grantee to reconvey to the grantor: 1. A sale of land with an agreement for reconveyance, if made in good faith, will be upheld; 2. If the papers of such a transaction show upon their face a loan and security therefor, they will be construed to constitute a mortgage; 3. Parol evidence is admissible to show that such a transaction is a mortgage; but it seems that where the papers themselves show a mortgage, that parol evidence cannot be received to prove a sale; 4. Where the papers do not show on their face a mortgage, it is incumbent upon the party seeking to establish a mortgage to prove that such was the intention of the parties to the transaction; 5. Where there is a deed with an agreement in writing to reconvey, and oral evidence has been introduced which tends to show that a mortgage was intended, courts of equity, when in doubt, will incline to hold that the transaction is a mortgage; but if there is a deed only, the evidence to establish a parol defeasance must be clear and convincing.

*Exceptions — Instructions.* — *Held*, that the exceptions to the instructions in this case were taken in the same faulty manner as those taken in the case of *Woods* v. *Berry*, 7 Mont. 196, and that the rule as laid down prevented a review of the instructions.

*Statutory Construction — Effect of amendment to civil procedure.* — At the trial, exceptions to instructions given had not been properly taken. Thereafter, but before the consideration of the appeal, the legislature passed a law (Acts of Extra Sessions, 1887, p. 677) amending the Code of Civil Procedure, which declared that instructions should be deemed excepted to without any exceptions to the same being taken. *Held*, that under section 209, division 5, Compiled Statutes, the amendatory statute did not cure the defect in the taking of the exceptions to the instructions in this case.

*Jurisdiction of district court. — Action begun before justice of the peace. —* *Held*, that the jurisdiction of the district court in an action appealed from a justice of the peace is the same as that of the justice; but that in an action

certified to it by a justice because a question of title has arisen, under section 779, division 1, Compiled Statutes, the district court possesses original jurisdiction.

*Appeal from the District Court, Silver Bow County.*

WADE, TOOLE & WALLACE, and JOHN T. BALDWIN, for the appellant.

The judgment appealed from is void. The court by which it was rendered did not have jurisdiction of the subject-matter of the action. The jurisdiction of courts, both appellate and original, shall be as limited by law. (Rev. Stats. U. S., tit. 23; c. 1, secs. 1866, 1907, pp. 20, 25, Rev. Stats. Mont. 1879.) The action of unlawful holding over is a new and summary statutory course of proceeding, and the statute must be strictly pursued (3 Kent's Com. 480, and notes); and original jurisdiction thereof is limited and expressly vested in justices of the peace. (Secs. 697, 698, 707, Code Civ. Proc.) This action was commenced before a justice of the peace, and without trial was by him, on motion, certified to the district court. By such certification the district court could have over the action only the same jurisdiction as if it were originally commenced therein. (Code Civ. Proc., sec. 759.) The question of jurisdiction of the subject-matter of an action may be raised at any time (Code Civ. Proc., sec. 86), and the parties cannot, by consent or otherwise, confer such jurisdiction. (1 Mont. 98; 2 Mont. 157; 19 Cal. 124; 9 N. Y. 35; *Pettit* v. *Black*, 13 Neb. 142; 22 N. W. Rep. 368.) The justice of the peace did not have jurisdiction in this action, because the title to land was involved, and because the monthly rental value of the property in controversy exceeded the sum of three hundred dollars, and the damages claimed for the detention thereof, although uncertain, might have exceeded that sum. Any order, certification, or action of the justice in the premises was void and of no

effect. If the justice of the peace had no jurisdiction, the appellate court acquires none. (3 Gilm. 594; 13 Ill. 287; 4 Col. 209.) The court erred in admitting the lease in evidence. The two deeds and defeasance, or contract to reconvey, in contemplation of law, constitute a mortgage as much as if the defeasance had been incorporated in the deeds. (Powell on Mortgages, 67; 1 Jones on Mortgages, secs. 244, 245, 248, 250; *Kelleran* v. *Brown*, 4 Mass. 443; 3 J. J. Marsh. 353; 2 Col. 94; 2 Johns. Ch. 182; *Graham* v. *Stephens*, 34 Vt. 166; 80 Am. Dec. 675; 6 Tex. 294; 14 Wis. 490; 47 Mo. 543; 11 Mich. 538; 17 Ohio, 356; 18 Iowa, 576; 18 Iowa, 504; 3 Yerg. 325; 13 Mass. 309; 7 Pick. 157; 5 Gray, 508; 6 Watts, 405; 7 Watts, 261; 31 Pa. St. 295; 30 Tex. 332.) The plaintiffs, being only mortgagees, could not lease, let, or demise the premises to the defendant, — the mortgagor. They had no title or estate therein, but simply a lien thereon to secure the sum mentioned in the defeasance, with interest. Nor could they recover the possession thereof except by foreclosure and sale, as is provided by sections 346, 359, Code of Civil Procedure (1879). It would be against the policy of the statute, notwithstanding an express covenant to deliver possession upon default, as was decided in *Teal* v. *Walker*, 111 U. S. 242. Whenever a deed absolute on its face is treated as a mortgage, the parties are clothed with all the rights, are subject to all the liabilities, and are entitled to all the remedies of ordinary mortgagors, and the grantee may maintain an action to foreclose the grantor's equity of redemption. (*Brinkman* v. *Jones*, 44 Wis. 514; *Carr* v. *Carr*, 52 N. Y. 251; 9 Wheat. 489; 3 Pomeroy's Eq. Jur., secs. 175, 176, and notes.) "If the conveyance under which the plaintiffs claim title is a mortgage, it is a bar to an action of ejectment," and would certainly have the same effect upon this summary proceeding. (*Murray* v. *Walker*, 31 N. Y. 399; *Woods* v. *Hilderbrand*, 46 Mo. 284.)

A mortgagor cannot be turned out of possession under a summary statutory proceeding. (9 Wend. 227.) The contract to reconvey refers to the deeds and was contemporaneous, and is most certainly a defeasance. (2 Bla. Com. 327; 5 Stephen's Com. 526, 527; 1 Abbott's Law Dict. 526; 1 Jones on Mortgages, secs. 241–243; 2 Devlin on Deeds, sec. 1107.) The alleged lease is apparently a device to cut off that right, and is void. (*Peugh* v. *Davis*, 96 U. S. 332; 1 Jones on Mortgages, secs. 250, 251.

The court erred in overruling the motion for nonsuit, because the plaintiff entirely failed to show that the defendant entered into or held possession under or by virtue of the alleged lease; the relation of landlord and tenant must positively exist to maintain the action for unlawful holding over, and such relation was in no wise admitted by the pleading. (Sec. 707, Code Civ. Proc.; *Dudley* v. *Lee*, 39 Ill. 339; *Dortch* v. *Robinson*, 31 Ark. 296.) The production of a lease will not of itself show that the relation of landlord and tenant existed between the parties to the lease. Entry, etc., are matters of fact to be ascertained by the jury in like manner as the delivery of a deed after its execution is proven. (See *Caldwell* v. *Center*, 30 Cal. 544.) And the plaintiffs must establish in themselves the right to the possession against the defendant, or the action falls. (*Jordan* v. *Walker*, 52 Iowa, 647.) It is not necessary for the creation of a mortgage that there should be a note or any evidence of indebtedness. The rule is sometimes stated that every mortgage implies a loan, and every loan implies a debt. (2 Devlin on Deeds, sec. 1129; 80 Am. Dec. 675; 14 Pick. 467; 1 Jones on Mortgages, sec. 272; 16 Mo. 129; *Hickox* v. *Lowe*, 10 Col. 209.) That there was no express promise to pay does not necessarily negative the theory that a mortgage was intended. (*Morris* v. *Budlong*, 78 N. Y. 543; 46 N. Y. 605; 1 Allen, 107; *Campbell* v. *Dearborn*, 109 Mass. 139; *Russell* v. *Southard*, 12 How. 139.) The

general rule now prevailing in this country is, that parol testimony is admissible to show a deed to be a mortgage, aside from any question of fraud or mistake. (12 How. 139; 96 U. S. 332; 102 Pa. St. 462; 103 Pa. St. 23; 109 Mass. 130; 111 Mass. 217; 38 Cal. 586.) The *onus* of proving that by the execution of a defeasance simultaneously with an absolute conveyance, the parties intended the transaction to be a conditional sale, lies upon the party maintaining that such was the intention. (*Edrington* v. *Harper*, 20 Am. Dec. 145; 50 Am. Dec. 190; 8 Bush, 687; 24 Wis. 654; 22 Mich. 377; 62 Mo. 202–207; 69 N. Y. 590.)

STEPHEN DE WOLFE, and WILLIAM H. DE WITT, for the respondents.

The district court in this case was not an appellate court. It was a court to which the case was certified by the justice's court. Rev. Stats. 1879, sec. 759, p. 181. If appellant's position as to jurisdiction is correct, a bare claim of title, unsupported by evidence, is a perfect defense for an overstaying tenant or naked trespasser, and the unlawful detainer act is utterly emasculated. Were the transactions between the parties a deed or a mortgage? The lease was an indenture, executed by defendant, and he possessed and occupied the premises. This was a holding by the lease and under the landlord. Rev. Stats. 1879, sec. 37, p. 46; *Lucas* v. *Brooks*, 18 Wall. 451. The execution, delivery, and recording of the deeds from defendant to plaintiffs was livery of seisin from defendant to plaintiffs. Rev. Stats. 1879; Code Civ. Proc., secs. 32, 37; 1 Washburn on Real Property, 4th ed., p. 60, sec. 80, *36. Bogk, the tenant, was estopped from disputing the title of the landlords. He made an express covenant for a consideration, and under seal, to surrender the premises at the end of the term. 1 Washburn on Real Property, 4th ed., p. 558, sec. 3, *358; *Lucas* v.

*Brooks,* 18 Wall. 451; 47 Cal. 459. In order that defendant may obtain a reversal on this appeal, and a judgment in his favor by this court or a new trial ordered, he must have the transactions declared a mortgage. Such relief is not asked in the answer, and he should do equity before he seeks equity. Let him bring his action to have the deed declared a mortgage, and tender us the money which he claims he owes us. *Russell* v. *Southard,* 12 How. 139; *Plato* v. *Roe,* 14 Wis. 490.

In all courts, the question of a deed or a mortgage, a loan or a sale, is one of fact to be ascertained from the instruments and parol testimony. *Winters* v. *Swift,* 3 Pac. Rep. 15, and cases *infra.* Pennsylvania is an exception to this rule (cases cited in appellant's brief); but even that state holds that if the agreement to reconvey be independent of the deed, it is a question of fact for the jury. 7 Watts, 401; 101 Pa. St. 73; *Slowey* v. *McMurray,* 27 Mo. 113; *Slutz* v. *Desenberg,* 28 Ohio St. 371; *Pitts* v. *Cable,* 44 Ill. 103.

Appellant's only standing in this court is, that the documents in evidence were in law a mortgage, and the court erred in not so construing them. While this is true in Pennsylvania, our court of last resort, the supreme court of the United States, holds otherwise. *Conway* v. *Alexander,* 7 Cranch, 218; *Russell* v. *Southard,* 12 How. 139. While the authorities are uniform that a deed absolute on its face may be shown to have been intended as a mortgage, they are almost equally uniform that a sale made in connection with an agreement to resell within a given time is a conditional sale, and not a mortgage. 1 Jones or Mortgages, 258, 260, cases in note 4, 267, note; 2 Devlin on Deeds, secs. 1115 et seq.; *Conway* v. *Alexander,* 7 Cranch, 218; *Glover* v. *Payn,* 19 Wend. 518; *Flagg* v. *Mann,* 14 Pick. 467; *Holmes* v. *Fresh,* 9 Mo. 200; *Baker* v. *Thrasher,* 4 Denio, 493; 4 Kent's Com. 142; *Henley* v. *Hotaling,* 41 Cal. 22; *Hanford* v. *Blessing,* 80 Ill.

188; 107 Ill. 295; *Pitts* v. *Cable*, 44 Ill. 103; *Winters* v. *Swift*, 3 Pac. Rep. 15; *Holmes* v. *Grant*, 8 Paige, 250; *Saxton* v. *Hitchcock*, 47 Barb. 220; *Farmer* v. *Grose*, 42 Cal. 170. Before such absolute deed and agreement to resell will be declared a mortgage, the evidence must be conclusive that a mortgage was intended, and such must have been the intention of both parties at the time of entering into the transacion. Authorities *supra; West* v. *Hendrix*, 28 Ala. 226; *Brown* v. *Dewey*, 2 Barb. 28; *Slutz* v. *Desenberg*, 28 Ohio St. 371; 2 Devlin on Deeds, sec. 1120. Without a debt there can be no mortgage. *West* v. *Hendrix*, 28 Ala. 226.

BACH, J. This action was commenced on the twenty-eighth day of May, 1886, in the justice's court, Silver Bow County, under the law generally known as the summary proceeding by a landlord against his tenant holding over contrary to the terms of his lease. The defendant filed an answer setting forth a claim of title; whereupon the cause was certified to the district court of Silver Bow County, in which court the cause was tried, and trial resulted in a verdict and judgment for the plaintiff. The appeal is from the judgment. The judgment roll is comprised of the pleadings, and a statement on appeal, which contains exceptions.

The first exception which we will consider is that which was taken by the defendant to the refusal of the court to grant a nonsuit at the close of plaintiff's case.

It must be remembered that we are not considering a motion for a new trial, and that as to the question of nonsuit, we must confine ourselves to the testimony then before the court. At the trial of the cause, the plaintiff introduced in evidence a deed dated May 19, 1885, by which deed the defendant, for and in consideration of the sum of seven thousand five hundred dollars, herein granted to the plaintiff Steele, his heirs and assigns forever, an undivided one-half interest in and to the premises

mentioned in the complaint; also a deed of the same date from the said defendant, granting the plaintiffs Reding and Gassert, their heirs and assigns forever, an undivided one-half interest in and to the same property for a similar consideration; also an agreement, bearing same date, by terms of which Steele, Reding, and Gassert agreed as follows: —

"AGREEMENT.

"Memorandum of agreement entered into at Butte City, Montana Territory, on the nineteenth day of May, 1885, between Harry Gassert and Jacob Reding, parties of the first part, James H. Steele, party of the second part, and Gustavus Bogk, party of the third part, all of Silver Bow County, Montana Territory, witnesseth: Whereas, the said Gustavus Bogk and Margaretha Bogk, his wife, have this day sold and by deed conveyed to said first and second parties, in consideration of seven thousand five hundred dollars respectively paid by said first and second parties, an undivided one-half interest each in and to the north twenty-one feet three inches of lot number five (5), in block No. 29, in the city of Butte, according to the official plat and survey of said city, and a like undivided one-half interest each in and to the following mining lode claims, situated and lying in Summit Valley district, Silver Bow County, Montana Territory, to wit: The Berlin, Margaretha, Gustavus, Eva, and Leaf lode claims, reference being made to the deed mentioned for a fuller description of said property; and whereas, the said Gustavus Bogk is desirous of having the right to repurchase said property within one year from the date of this agreement, —

"Now, in consideration of the premises, and of one dollar by him paid to said first and second parties, the receipt of which said last-named parties do severally hereby acknowledge, said first and second parties do hereby covenant and agree to resell and reconvey to said third party the undivided one-half interest in and to the above-

described property severally sold and conveyed to said
parties by the said Gustavus Bogk and wife, provided
said third party shall on or before the nineteenth day
of May, 1886, pay or cause to be paid to said first
party the sum of $8,967.50, and shall pay or cause to
be paid to the said second parties a like sum of $8,967.50
on or before the said last-named date.

"In witness whereof, said first parties by their attor-
ney in fact, Henry Jacobs, and said second party in per-
son, do hereunto set their hands and seals on the day
and year herein first above written.

(Signed)                "HARRY GASSERT.     [Seal]
              "By HENRY JACOBS, his attorney in fact.
(Signed)                "JACOB REDING.      [Seal]
              "By HENRY JACOBS, his attorney in fact.
(Signed)                "JAMES H. STEELE."  [Seal]

Duly verified and recorded in Silver Bow County,
Montana.

It will be observed that no loan is referred to in either
of said deeds, or in said contract to reconvey; that said
contract contains no promise on the part of Bogk to pay
the sum mentioned, and is not executed by him, and
that said contract refers directly to a sale.    Plaintiff then
introduced in evidence a lease of said premises, dated
May 21, 1885, executed by plaintiffs herein to said
defendant, for the term of one year, at the annual rent
of $450; the lease is signed by Bogk, and he therein cove-
nants to surrender the premises upon the expiration of
the term.    In addition to this, plaintiff introduced evi-
dence to show reasonable value of the rents and profits,
and to show also that the defendant was holding over
against the consent of his landlords.    That is all the
testimony introduced prior to the motion for a nonsuit.
The absence of testimony sometimes is a material fact.
Many of the cases cited by counsel for appellant are
determined upon the facts not before the court below at

the time of the motion for a nonsuit, but as those facts are material in drawing the distinction to be made between the different cases cited upon the argument, we will note them at this time. It will be observed, then, that, up to this point in the case, no evidence was given tending to show a previous loan, or any application for a loan; that there is no evidence tending to show what was the value of the premises in question; that there is no evidence to contradict the presumption that the lease was executed two days after the deed's conveyance, as its date imports. The motion for a nonsuit was made upon the following grounds:—

"MOTION FOR NONSUIT.

[Title of court and cause.]

"Now comes the defendant in the above-entitled action, and moves the court that the plaintiffs be nonsuited in this action, for the reason that the evidence introduced by them in this action fails to prove their cause of action, in this: they failed to prove that they were ever at any time in possession of or entitled to the possession of the premises described in the complaint, and that defendant ever entered into possession under and by virtue of said lease, or referable thereto, and that the defendant totally failed to prove a demand to have been made for the possession of said premises by them or any one upon the defendant, and that the plaintiffs ever or at any time served or gave notice to quit and deliver possession of same to the defendant, or cause it to be done at any time, or at all.

(Signed)       "JOHN T. BALDWIN,
                     "Attorney for defendant."

The complaint alleges that more than three days prior to the commencement of the action, a demand in writing was made upon the defendant to deliver up the possession of the property; and further alleges the re-

fusal of the defendant so to do; the answer contains no
denial of these allegations; it was therefore unnecessary
for plaintiff to prove a demand.   The remaining ground
upon which the motion for nonsuit was based is the
main point in this case.   Do the deeds, contract to
reconvey, and the lease, when considered together, con-
stitute a mortgage?   If they do, then plaintiffs have
failed to show a tenancy; if they do. not, then the
tenancy was proven.   In considering this question, par-
ticular attention must be given not only to the facts
proved, but also to the absence of any evidence as to
certain other facts to which reference has already been
made.   We will consider the case, first in regard to the
authorities cited, and then upon the principles which we
think should control cases of this character.

The cases cited by appellant may be divided into
three classes, and it will be seen that the third class
alone is authority for his view of this case.   The first
class includes those cases in which the papers (deed and
bond) upon their face recite that the transaction is one
for the security of a loan.   This class includes the
following cases cited by appellant: *Erskine* v. *Townsend,*
2 Mass. 493; *Beatty* v. *Snooks,* 5 Mich. 231; *Eurs* v. *Suth-
erland,* 11 Mich. 539; *Perkins* v. *Dibble,* 10 Ohio, 433;
*Dey* v. *Dunham,* 2 Johns. Ch. 182; *Bank* v. *Upmann,* 12
Wis. 555.   The second class includes those cases where
evidence *aliunde* shows that a mortgage, and not a sale,
was intended, including cases where the evidence shows
such facts as a previous loan, an application for a loan,
great difference in value, application on the part of
grantee to have the debt or portion thereof repaid.
Under this class may be placed the following cases
cited by appellant: *Walker* v. *Mining Co.,* 2 Col. 94, in
which there was a note; *Trucks* v. *Lindsey,* 18 Iowa,
505, in which the court say that sale of land with con-
tract to reconvey will be upheld, where a sale, and not a

mortgage, is intended; *Scott* v. *Menherter*, 49 Iowa, 487; *Presbaker* v. *Feaman*, 32 Ill. 475; *Ewart* v. *Walling*, 42 Ill. 453; *Clark* v. *Finlon*, 90 Ill. 246; *Crassen* v. *Surreland*, 22 Ind. 427; *Sharkey* v. *Sharkey*, 47 Mo. 543; *Ferris* v. *Wilcox*, 51 Mich. 105; *Marshal* v. *Stewart*, 17 Ohio, 356; *Stephens* v. *Sherod*, 6 Tex. 294; *Ruffier* v. *Womach*, 30 Tex. 341; *Plato* v. *Roe*, 14 Wis. 490; *Brinkman* v. *Jones*, 44 Wis. 514; *Robinson* v. *Willoughby*, 65 N. C. 520; *Overton* v. *Bigelow*, 3 Yerg. 513.

It will appear hereinafter cited that the courts of last resort in Texas and Michigan, Illinois, Wisconsin, Indiana, and Tennessee, have held that a deed with a contemporaneous contract to reconvey are not *per se* mortgages.

The third class of cases is that in which the courts hold that a deed with contract to reconvey are *per se* mortgages. This class includes the cases from Vermont, Maine, Massachusetts, and Pennsylvania. Looking at this case upon well-established principles, and confining ourselves strictly to the evidence before the court when the motion for a nonsuit was denied, we are forced to the conclusion that the ruling of the court was correct.

At the present time, a mortgage is a security, and it is quite impossible to conceive of a conveyance which would or could be a mortgage unless such conveyance was given to secure the performance of some act or obligation.

"A definition broad enough to cover any view of the transaction and any form of it can only be that it is a conveyance of land as security." Jones on Mortgages, sec. 16. "No conveyance can be a mortgage, unless it is made for the purpose of securing the payment of a debt or the performance of a duty, either existing at the time the conveyance is made or to be created or to arise in the future." *Morley* v. *Dryden*, 47 Mo. 226–271. We are not to be understood as saying that there must be

some promise in writing to pay the debt, where the mortgage is given to secure the payment of money; that promise may be implied from the facts. Still the absence of any writing showing an express promise to pay is said to be strong evidence that the transaction was not one of security. See *Horn* v. *Keteltas*, 46 N. Y. 605; *Morris* v. *Budlong*, 78 N. Y. 543; *Conway Ex'rs* v. *Alexander*, 7 Cranch, 218, and other cases cited below.

This suggests the true test, which is, "What was the intent of the parties?" Was the intent to make a sale, or to give a security for a debt? If intended as a security, then the conveyance is a mortgage. Was there a loan? If there is a loan, then there is a debt; if there is a debt, then there is a duty to pay the debt, which duty may be created by the act of the parties or by act of the law. If there is anything in the writing which shows a promise to pay, or a loan and the debt resulting therefrom, then there is no difficulty in arriving at the intent of the parties; such cases come plainly within the first subdivision above referred to. If the writings themselves are silent, parol evidence may be resorted to, in order that the court may arrive at the intent of the parties; and in this connection, the value of the property, the existence of a note, the fact that a loan had been applied for, and the *indicia* of intent become material aid to the court. This case comes plainly under the second class above referred to. It is believed that the following authorities sustain the foregoing propositions: *Farmer* v. *Grose*, 42 Cal. 169; *Conway's Ex'rs* v. *Alexander*, 7 Cranch, 218; *Cornell* v. *Hall*, 22 Mich. 377; *Hubby* v. *Harris*, 68 Tex. 91; *Glover* v. *Payn*, 19 Wend. 518; and other cases cited below.

The following authorities sustain the proposition that parol evidence may be admitted to show that the deeds and contract to reconvey were given as security, and are therefore a mortgage: *Peugh* v. *Davis*, 96 U. S. 333;

*Farmer* v. *Grose*, 42 Cal. 169; *Hickman* v. *Cantrell*, 9 Yerg. 171; 2 Devlin on Deeds, sec. 1136, and cases cited. Jones on Mortgages, sec. 248, and cases cited; and the other cases cited herein.

In the case under consideration, the deeds and contract upon their face show an absolute conveyance. No obligation appears therefrom binding Bogk to pay anything; no words appear from which the characteristic of security, so essential to a mortgage, can be deduced. *Prima facie* the transaction is one of sale. It is incumbent upon the defendant to produce some evidence tending to show that a mortgage in fact was intended. *Perdue* v. *Bell*, 3 South. Rep. 698 (Ala.); *Jay* v. *Welclel*, 3 S. E. Rep. 906 (Va.); *Howard* v. *Roppere*, 5 S. W. Rep. 927; *Evans* v. *Euloe*, 34 N. W. Rep. 919 (Wis.); *Ferris* v. *Wilcox*, 51 Mich. 105. This last case is cited by the appellant. The court say (page 107): "The controversy thus stated is not one which necessarily must be determined upon the face of the papers; if it was, the plaintiffs would unquestionably be entitled to retain their judgment. By the contract, the defendant appears to be purchaser, not mortgagor; and the surrender or cancellation of the notes would indicate payment, and the determination of the relation of debtor or creditor."

The court then proceeds to examine the parol evidence, and holds the transaction to be one of mortgage. *Cornell* v. *Hall*, 22 Mich. 377; *Stevens* v. *Allen*, 3 Pac. Rep. 168 (Or.); *Winters* v. *Swift*, 3 Pac. Rep. 15 (Idaho); *Wilhelm* v. *Woodcock*, 5 Pac. Rep. 202 (Or.); *Smith* v. *Crosly*, 47 Wis. 161; *Hay* v. *Carr*, 83 Ind. 275; *Farmer* v. *Grose*, 42 Cal. 169; *Miller* v. *Yturria*, 7 S.W. Rep. 206 (Tex.); *Glover* v. *Payn*, 19 Wend. 518; *Hickman* v. *Cantrell*, 9 Yerg. 171; *Baker* v. *Thrasher*, 4 Denio, 493; *Adams* v. *Adams*, 51 Conn. 544; *Rue* v. *Dole*, 107 Ill. 275; *Hanford* v. *Blessing*, 80 Ill. 188; *Henley* v. *Hotaling*, 41 Cal. 22. And the existence of the lease does not help the de-

fendant. The lease bears date two days later than the deed and contract. If the defendant, Bogk, considered the deed and contract to reconvey to be a mortgage, why, then, did he take a lease of the premises two days later?

It is believed that the above authorities will sustain the following doctrines: 1. Neither equity nor the law forbids parties from making a sale of land with a contract to reconvey; and where parties enter into such a contract in good faith, the contract will be upheld. 2. Where the papers upon their face show a loan, they will be construed to be a mortgage. 3. Parol evidence will be received to show that the transaction was in fact a mortgage; but it seems that where the papers on their face show a mortgage, parol evidence will not be admitted to show that it was in fact a sale. See 2 Devlin on Deeds, sec. 1144, and cases cited. 4. Where the papers do not show that a security was meant, it is incumbent upon the party seeking to establish a mortgage to show that a mortgage was intended. 5. Where there is a deed and a contract to reconvey, and oral evidence has been introduced tending to show that the transaction was one of security, and leaving upon the mind a well-founded doubt as to the nature of the transaction, then courts of equity incline to construe the transaction as a mortgage. See *Morris* v. *Budlong*, 78 N. Y. 543; —— v. *Buchannan*, 1 South. Rep. 898; *Ferris* v. *Wilcox*, 51 Mich. 105; *Conway's Ex'rs* v. *Alexander*, 7 Cranch, 218; *Hickman* v. *Cantrell*, 9 Yerg. 171.

But where there is a deed alone, and it is sought to show a parol defeasance, then it seems the evidence must be clear and convincing. See *McMillan* v. *Bissell*, 29 N. W. Rep. 737 (Mich.); *McCormick* v. *Herndon*, 31 N. W. Rep. 303 (Wis.); and see cases cited in note.

The nonsuit was properly denied. This view of the case disposes of the next objection, which was taken to the ruling of the court admitting in evidence the lease

referred to; the ground of the objection being that it contradicted documentary evidence previously introduced.

The next error alleged is the objection taken to the giving and refusal of certain instructions.

The next error assigned is the giving of certain instructions at the request of the plaintiffs, and the refusal to give certain other instructions as requested by the defendant. The exception taken by the defendant was, in all respects, similar in form to that which was held to be insufficient in *Woods* v. *Berry, ante,* p. 195. We there held that there must be a separate exception to each instruction deemed objectionable.

Appellant claims that this rule no longer applies because of the recent act of the legislature declaring that instructions given and the refusal to give instructions shall be deemed to be excepted to. This action was tried upon the sixteenth day of October, 1886. The law referred to was enacted on the thirteenth day of September, 1887.

It has been held that an amendment to the laws governing procedure applies to actions pending as well as to actions commenced thereafter, so far as the amendment alters the practice in any step yet to be taken; thus changes in the procedure on motion for a new trial, and changes in the manner of taking an appeal, apply to actions pending, where these steps in such actions have not already been taken, as well as to actions commenced thereafter; but such changes do not govern the practice where the motion for a new trial has already been made, or where the appeal has already been taken. The hardship which would result from a contrary interpretation would be apparent if some succeeding legislature should amend the present law regarding exceptions to instructions, by enacting that an exception must be taken to instructions granted to which objection is sought to be taken, and

that the exception must state specifically the grounds of the objection. If the rule of interpretation contended for by appellant be correct, and if such a law should be passed, every litigant who has relied upon the law passed by the last legislature above referred to would be without remedy against erroneous instructions.

But the legislature has removed from this question all doubts which may arise from a consideration of the various conflicting authorities.

Section 209, page 649, of the Compiled Statutes, provides as follows: " No action, plea, prosecution, civil or criminal, pending at the time any statutory provision shall be repealed, shall be affected by such repeal, but the same shall proceed in all respects as if such statutory proceedings had not been repealed, except that all such proceedings had after the taking effect of any statute passed at this session shall be conducted according to the provisions of such statute, and shall be in all respects subject to the provisions thereof, so far as they are applicable."

Of the three instructions requested by the defendant and refused by the court, two are plainly not the law, and the one remaining is so unintelligible that the court below was warranted in refusing it upon that ground alone.

It is claimed that the district court had no jurisdiction to try the cause, because the justice's court had no jurisdiction, — 1. Because the title to real estate is involved; and 2. The amount of damages is in excess of the amount which limits the jurisdiction of justices' courts.

This would be true if the case had been *by appeal* from the justice's court to the district court. In such case, the jurisdiction of the latter court is limited by that of the former, and it could render no judgment which the former court could not render. But this

cause was not taken to the district court by appeal, but was, at the request of defendant, certified to that court by the justice of the peace, under section 779, division 1, Compiled Statutes.

By the terms of that statute, the district court obtains the same jurisdiction over the action as if it had been originally commenced therein. It is a distinct and separate mode, perhaps, of bringing such actions and the defendants therein into the district courts; but it is a very fair and efficacious one, tending to insure good faith on the part of defendants in such action when they plead adverse title. The defendant brings himself, by his own motion, into the district court, which obtains thus an original and not an appellate jurisdiction.

The judgment is affirmed, with costs.

*Judgment affirmed.*

McCONNELL, C. J., and LIDDELL, J., concur.