# KLEINSCHMIDT, Appellant, v. KLEINSCHMIDT, Respondent.

**Absolute Sale or Mortgage**—*Admissions in pleadings.*—In an action to have a deed declared a mortgage the answer specifically denied all of the material allegations of the complaint, and alleged an agreement that an indebtedness of the plaintiffs and another and future indebtedness to be contracted by them should become an additional claim against the interest of the plaintiffs in the premises conveyed by such deed, unless the terms and conditions of a certain bond, executed by the defendants to the plaintiffs for a reconveyance of the property, was complied with. Plaintiffs moved for judgment on the pleadings upon the ground that the agreement set forth in the answer was a confession that the transaction constituted a mortgage. *Held*, that the motion was properly denied, the question as to whether, in the intent of the parties, the transaction was a mortgage or a sale being one to be decided by the evidence.

**Specific Performance**—*Bond to reconvey property.*—A bond in the penal sum of five thousand five hundred dollars, in which the obligors covenant that if the obligees pay them five thousand five hundred dollars and interest, and if they, the obligors, do not make, execute, and deliver a deed of certain property, then the bond shall be in full force, otherwise to be null, cannot be specifically enforced so as to compel a conveyance of the property described therein upon a tender of the money, as the obligors could discharge the bond by accepting the tender of five thousand five hundred dollars and interest and then paying the penal sum of five thousand five hundred dollars to the obligees.

**Conveyance of Realty**—*Bond to reconvey.*—A conveyance of realty for a consideration which is the full value of the property, where the vendees executed to the vendors a bond to reconvey such property, the papers showing an absolute conveyance, is, in the absence of evidence tending to show that a mortgage was intended, an absolute sale, with an independent privilege to repurchase upon a compliance with the terms of the bond. (*Gassert* v. *Bogk*, 7 Mont. 585, affirmed.)

*Appeal from First Judicial District, Lewis and Clarke County.*

The cause was tried before Hunt, J., without a jury.

Statement of the case, prepared by the judge who delivered the opinion.

The complaint in this case was filed September 7, 1888. It alleges that the plaintiffs were the owners and seised in fee of

the premises in controversy, describing them by metes and bounds; that being so seised, on the fourteenth day of May, 1884, plaintiffs executed and delivered to defendants a warranty deed of the premises; that said conveyance, although in form a warranty deed, was, in fact, a mortgage, and was made and intended by all the parties to secure the repayment to the defendants of the sum of five thousand five hundred dollars, which sum the defendants on said day loaned to the plaintiff, Carl Kleinschmidt; that on the same day and as part of the transaction, the defendants executed and delivered to the plaintiffs a writing obligatory in the penal sum of five thousand five hundred dollars, conditioned that they' would, on or before the first day of August, 1886, reconvey to the plaintiffs said premises on payment by the plaintiffs to defendants of said sum of five thousand five hundred dollars, with interest from May 14, 1884, at the rate of ten per cent per annum. The complaint further alleges a tender of said sum on August 1, 1886, to the defendants, and refusal of said tender by defendants.

The prayer of the complaint is: *First*, that the plaintiffs be allowed to redeem said lands from said mortgage upon paying to the defendants the amount due thereon. *Second*, that upon such payment the defendants reconvey to the plaintiffs by good and sufficient warranty deed all and singular the aforesaid lands. *Third*, that the plaintiffs recover their costs herein, and that they have such other and further relief in the premises as to this court may seem meet and equitable.

The answer is, *first*, a specific denial of all the material allegations of the complaint, admitting, however, the making of the deed named in the complaint, but denying that it was intended as a mortgage. The answer further alleges that the defendants paid plaintiffs for said premises with their promissory note for five thousand five hundred dollars, payable on or before August 1, 1886, with interest at ten per cent; that in addition to the provisions of the bond named in the complaint, it was further agreed that the plaintiff, Carl Kleinschmidt, might return said promissory note to the defendants on or before August 1, 1886, and if so returned defendants would redeed said premises. In case of the failure of the plaintiff to return said note or pay said amount on or before August 1, 1886, plaintiffs should lose all

right and claim upon said premises. The answer further alleges that the plaintiffs failed to comply with the terms of their agreement on August 1, 1886; that the plaintiff, Carl Kleinschmidt, negotiated said note shortly after obtaining possession of it; that he has never returned said note or tendered said money; that the defendants have been in possession of the premises ever since May 14, 1884; that the plaintiff, Carl Kleinschmidt, and the Blackfoot Horse and Cattle Company were also indebted to the defendants at the time of this transfer, and it was agreed that this indebtedness, and the indebtedness to be contracted by said Carl Kleinschmidt and said cattle company, should become an additional claim against any interest of the plaintiffs in the premises, but that unless plaintiffs complied with the terms and conditions of the bond, and delivered up the note, as above set forth, then plaintiffs ceased to have any interest in or to said premises, or any part thereof.

There is a replication denying the material allegations of the answer.

The case was tried by the court without a jury. A motion was made by the plaintiffs for judgment on the pleadings, upon the ground that the answer substantially sets forth that at the time of the execution of the conveyance that the further indebtedness of Carl Kleinschmidt and the cattle company should become an additional claim against the interest of the plaintiffs in the premises mentioned in the deed, and that such matter in the answer was a confession that the transaction constituted a mortgage, as contended for by the plaintiffs, and not an absolute sale. This motion was denied.

The court found the facts, which may be abbreviated as follows:—

I. On May 14, 1884, the plaintiffs, being then the owners of the premises in controversy, made, executed, and delivered their warranty deed to the same to the defendants.

II. The agreed purchase price was five thousand five hundred dollars.

III. In payment of said land defendants delivered to plaintiff, Carl Kleinschmidt, their promissory note for five thousand five hundred dollars, negotiable in form, and which was subsequently negotiated by plaintiffs for full value.

IV. That on May 16, 1884, defendants made, executed, and delivered to plaintiffs their bond for a deed of said property in the penal sum of five thousand five hundred dollars; that said bond sets forth that the obligors, the defendants, are bound to the obligees, the plaintiffs, in the penal sum of five thousand five hundred dollars; that the condition of the obligation is such that if the obligors shall, on or before the first day of August, 1886, make, execute, and deliver unto the said Carl Kleinschmidt and Marie Kleinschmidt (provided the said Carl Kleinschmidt and Marie Kleinschmidt shall, on or before that day, have paid to the said obligors the sum of five thousand five hundred dollars, with interest at the rate of ten per cent per annum, the price by the said Carl Kleinschmidt and Marie Kleinschmidt agreed to be paid therefor) a good and sufficient conveyance, a guaranty deed, free from all encumbrance, all that certain lot (describing the premises), then this obligation to be void, otherwise to remain in full force and virtue, etc.

V. Said deed and bond were duly filed for record.

VI. The note given by defendants to plaintiffs was given and received in full payment of the agreed purchase price of the plaintiffs' interest in said land; that the transaction was intended as an absolute sale of the premises, and an agreement to reconvey the same upon the plaintiffs' compliance with the terms and conditions of the bond. The agreement to reconvey contained no reference to the deed, nor were there any words or provisions showing that the bond was intended as a defeasance to said deed, and the bond was not so intended.

VII. At the time of the transaction it was further agreed between the parties that plaintiffs might take up said bond by returning said note, instead of paying the amount set forth in the bond, but this was a privilege given by defendants to plaintiffs, and there was no obligation on the part of the plaintiffs to return the note unless they desired.

VIII. The delivery of the note by defendants to plaintiffs was not a loan, and did not create an indebtedness from plaintiffs to defendants.

IX. There was no act to be done by plaintiffs for which the deed was intended to be a security.

X. The intention of the plaintiffs was to make an absolute

sale, and the intention of the defendants was to make an absolute purchase, with the right of the plaintiffs to repurchase upon compliance with the terms of the bond.

XI.   That the deed was not intended by any of the parties to be a security for the payment of any money or the performance of any act.

XII.   The consideration of five thousand five hundred dollars was full value for the land.

XIII.   That upon the execution and delivery of the deed plaintiffs gave defendants possession of the premises, which they have ever since held.

XIV.   That at the time of these transactions Carl Kleinschmidt was considerably in debt, and with the exception of his interest in this land had little or no property subject to execution, and that the plaintiffs made this sale with intent to hinder and delay the creditors of Carl Kleinschmidt.

XV.   On August 1, 1886, Albert Kleinschmidt, on behalf of the plaintiffs, tendered to Louis Hillebrecht, defendant, five thousand five hundred dollars, and no more, and demanded a deed under said bond.

XVI.   That said Hillebrecht did not waive a tender of the full amount, which amount was five thousand five hundred dollars, with interest at ten per cent per annum from May 16, 1884.

XVII.   That at no other time have plaintiffs made any other tender of money, nor have they offered to return said note.

XVIII.   The note has been paid by defendants; that said payment was by them resisted in an action at law.

Upon the facts above the court found the following conclusions of law:—

1.   The defendants are the owners in fee-simple, and entitled to the possession of the premises against plaintiffs, and all persons claiming under them.

2.   The transactions evidenced by the deed of May 14, 1884, and the bond of May 16th, constituted an absolute sale and not a mortgage; nor was said bond intended as a defeasance of the deed.

3.   No debt or other obligation was created by these transactions for which the deed could constitute a security.

4. When plaintiffs sold the land they were endeavoring to get said land out of their hands in order to delay certain creditors of the plaintiff, Carl Kleinschmidt, and by reason of their attempt to hinder and delay the creditors of Carl Kleinschmidt are not entitled to the relief of a court of equity.

5. That at no time have the plaintiffs made any legal tender of the amount due under the bond, and have therefore lost all their right to enforce from the defendants a conveyance of the land in controversy.

Upon these findings of fact and conclusions of law judgment was entered in favor of the defendants, confirming their right and title to the premises. Plaintiffs moved for a new trial on the ground: *First.* Of the insufficiency of the evidence to justify the findings and decision. The insufficiency is specified as to almost all the findings of fact, and in each instance it is to the effect simply that the finding is unsustained by the evidence, setting forth the reasons why plaintiffs consider that such evidence is insufficient. They further specify that the finding of the court, that the conveyance was made with the intent to hinder and delay the creditors of Carl Kleinschmidt, is not supported by the allegations of the answer. *Second.* Plaintiffs except to the conclusions of law by the court for the reason that said conclusions are contrary to the evidence. *Third.* Plaintiffs assign errors of law as follows: (*a*) Error in admitting testimony tending to show that Carl Kleinschmidt was endeavoring to hinder and delay his creditors, there being no allegation to that effect in the answer. (*b*) Error in overruling plaintiffs' motion for judgment on the pleadings.

The motion for a new trial was by the District Court denied. The plaintiffs appealed both from the judgment and from the order denying a new trial.

*McCutcheon & McIntyre,* for Appellants.

Appellants contend, and insisted in the court below, both upon a motion for judgment on the pleadings and upon objection to testimony on behalf of said respondents, that the pleadings admitted that the subject-matter of the action was a mortgage and not a sale, and that no evidence other than what was owing

from appellants to respondents was competent or admissible under the pleadings. The agreement that the indebtedness of the appellant, Carl Kleinschmidt, and the Blackfoot Horse and Cattle Company, and such additional indebtedness as they should thereafter contract, should become an additional claim against the interests of appellants in the premises described in the deed, is absolutely irreconcilable with the theory of a sale of these premises; for if the premises had been sold, what interest would appellants have in them? Again, in their answer respondents aver that the note for five thousand five hundred dollars, the consideration passing from respondents to appellants for the conveyance of May 14, 1884, was itself to be returned, and a failure to do so was to vest the absolute title to the premises in the respondents. This, too, is inconsistent with the idea of an absolute sale, for what concern could it have been of respondents what appellants did with this note, if it was the consideration, the purchase price of the land? This itself is certainly an admission on the part of respondents that said conveyance was to secure the performance of an act or obligation, which would consequently make the conveyance a mortgage. (*Gassert* v. *Bogk*, 7 Mont. 597.) The deed and bond in this case were, as the evidence shows, delivered at the same time; the parties in both instruments are the same; the consideration expressed in both is the same; the note given by respondents is to Carl Kleinschmidt alone, although the appellants owned the land jointly. These make the transaction necessarily a mortgage. (*Taylor* v. *Weld*, 5 Mass. 109; *Newhall* v. *Burt*, 7 Pick. 156; *Nugent* v. *Riley*, 1 Met. 117; *Colwell* v. *Woods*, 3 Watts, 188; *Kerr* v. *Gilmore*, 6 Watts, 405; *Brown* v. *Nickle*, 6 Pa. St. 390; *Wilson* v. *Shoenburger*, 31 Pa. St. 295; 1 Jones on Mortgages, § 248; *Gillis* v. *Martin*, 2 Dev. Eq. 470; 25 Am. Dec. 729.) The law is well settled that when an instrument purporting to be a deed is made, and at the same time a bond to reconvey the land described in it is given, especially as in the case at bar, when the sum mentioned in the bond is the precise consideration for the deed, that much less evidence is required to stamp the transaction as a mortgage; and that thereupon all that is necessary for the person alleging the instrument to be a deed to do is to introduce testimony tending to raise a doubt in the mind of

the judge as to the character of the instrument; when this is done that the law says, the instrument must be declared a mortgage and not an absolute sale. (*Gassert* v. *Bogk*, 7 Mont. 600.) A summary of the testimony shows: An application about May 14, 1884, by Carl Kleinschmidt, one of the appellants, to respondents for certain accommodation. The giving by respondents of the note for five thousand. five hundred dollars, payable on or before August 1, 1886, with interest from its date at the rate of ten per cent per annum. The understanding that this note was an accommodation note merely. The action of respondent, Reinhold H. Kleinschmidt, in going to different banks in Helena, and notifying them that this particular note was accommodation paper and for them not to discount it. The positive verified allegations on the part of these respondents in the suit of the *Second Nat. Bank* v. *Kleinschmidt,* that this precise note referred to was made by them for the accommodation of Carl Kleinschmidt only, and that they had received no consideration for the same. The resisting payment of said note, and their demand that execution should issue therein against the other defendants. The application by respondent Hillebrecht to Carl Kleinschmidt to protect this paper, and thus avoid the said suit. The various offers on the part of the respondents to re-deed this land long after the time when the bond expired, on the payment of said note, and of other alleged indebtedness claimed to be due to them from Carl Kleinschmidt, and to be a lien on this land. The taking Carl Kleinschmidt's agreement that he would give a mortgage on this land to secure a note of one thousand one hundred dollars, and the agreement that this note should be paid from the proceeds of said land. The written memorandum in the handwriting of Reinhold H. Kleinschmidt, in pencil, on the account furnished Carl Kleinschmidt by Louis Hillebrecht, subsequent to December 1, 1886, to the effect that after Carl paid his debts he should receive a deed for this land. The positive admission on the part of Reinhold H. Kleinschmidt on cross-examination that this land was held by respondents as security for the payment by Carl Kleinschmidt of this note and of such other debts, and this after the many twistings of witness on his examination and cross-examination. The levy by respondents of certain attach-

ments against the interest of Carl Kleinschmidt in this precise
land, as late as November 19, 1889, more than three years,
according to their contention, after such interest had absolutely
passed from him and become vested in them.   Now appellants
contend that none of these things could have reasonably been
had had the transaction of May 14, 1884, been intended as an
absolute sale, or even a sale condition to be absolute on August
1, 1886; and that they are conclusive of appellants' contention
that the transaction at bar was a mortgage or security.   At
least, they raise the doubt whether said instrument was absolute
or intended as security, and, as courts of equity incline to con-
strue such a transaction to be a mortgage, are sufficient to entitle
appellants to the relief prayed for herein.   For these reasons
appellants insist that the findings of the court are absolutely
and irreconcilably in conflict with the testimony; and that for
that reason their motion for a new trial herein should have been
granted.   The bond executed and delivered by respondents to
appellants was in effect a defeasance.   It therefore became incum-
bent upon respondents to prove that the transaction was intended
as a conditional sale and not a mortgage.   (*Edrington* v. *Harper*,
3 Marsh. J. J. 353; 20 Am. Dec. 145; *Turnipseed* v. *Cunning-
ham*, 16 Ala. 501; 50 Am. Dec. 190.)

*Cullen, Sanders, & Shelton,* and *A. C. Botkin,* for Respondents.

The motion for judgment on the pleadings by the appellants
was properly overruled by the court, because all the material
allegations of the complaint are denied in the answer, and most
of the affirmative allegations of the answer are denied by the
replication, the point at issue being whether the transaction
is a mortgage or a conditional sale.   The complaint alleges that
it was a mortgage; the answer denies it, and under the decision
of the court in *Gassert* v. *Bogk,* 7 Mont. 585, parol evidence
is admissible to show the real character of the transaction.
"If the answer contains a denial of any material fact, judgment
on the pleadings cannot be granted." (*Nudd* v. *Thompson,* 34
Cal. 39; *Amador County* v. *Butterfield,* 51 Cal. 526; *Botto* v.
*Vandament,* 67 Cal. 332.)   The agreement set forth in the answer
with reference to the indebtedness of Carl Kleinschmidt and

the Blackfoot Horse and Cattle Company was to be ineffectual unless said plaintiffs complied with the terms and conditions of said bond, and delivered up the note as set forth in said answer, and that in case of the failure on their part in any or all these respects said plaintiff ceased to have any interest in or to said premises, or any part thereof, or in or to the proceeds of the sale of the same. It is conceded by the appellants that parol evidence was admissible to determine the exact contract between the parties. (*Gassert* v. *Bogk*, 7 Mont. 597; *Chase's Case*, 1 Bland, 206; 17 Am. Dec. 277.) And the authorities cited in appellants' brief upon this question are taken *seriatim* from the note to the latter case on page 304, 17 Am. Dec., and the reporter says in commenting on it: "But the better doctrine certainly is, that a contemporaneous deed and bond to reconvey on payment of a sum of money do not even in equity necessarily constitute a mortgage; but that the construction of the contract depends upon the question whether or not security for a debt was intended." The court having found as a fact from all the testimony that a mortgage was not intended, but that the transaction was an absolute sale with a bond back, and the finding of the court being supported by a preponderance of evidence, the question as to whether the transaction was a mortgage or conditional sale cannot now be raised in this court, upon the familiar principle that if there is any evidence to sustain the findings of the court the judgment will not be reversed. Carl Kleinschmidt took back a bond for a deed to this property; but the bond nowhere refers to the deed, nor does it appear from the papers that there was any connection whatever between the giving of the deed by Carl Kleinschmidt to the defendants, and the giving of the bond by the defendants to Carl Kleinschmidt. So that the transaction, taken together, and giving the most favorable construction possible to Carl Kleinschmidt, is at the most a conditional sale. No debt appears to be due or owing from plaintiff to defendants. (Jones on Mortgages, § 265.) "Where there is no debt and no loan it is impossible to say that an agreement to sell will change an absolute deed into a mortgage." (*Glover* v. *Payn*, 19 Wend. 518.) There was no debt incurred by the plaintiff to defendants at the time of the original transaction; and this appears to be almost

conclusively established by the fact that the defendants, neither in the form of a note nor of any other writing, took any obligation to show any indebtedness from plaintiff to defendants. (*Horn* v. *Keteltas*, 46 N. Y. 605; Jones on Mortgages, § 272; *Conway* v. *Alexander*, 7 Cranch, 218; *Flagg* v. *Mann*, 14 Pick. 467; Devlin on Deeds, § 1129.)   The fact that plaintiff delivered possession of the premises to the defendants is a strong circumstance to show that the transaction was an absolute sale and not a mortgage.   The consideration which was paid for the land by the defendants appears to have been the full value thereof at the time of the original transaction.   (Jones on Mortgages, § 275.)   "The fact that the consideration is fully equal to the value of the land is evidence of some weight that the transaction was a sale and not a mortgage; because in making a loan, men don't usually advance the full amount of the land." (*Carr* v. *Rising*, 62 Ill. 14.   See Devlin on Deeds, § 1133; *Coyle* v. *Davis*, 116 U. S. 108.)   The character of the transaction is fixed in the beginning.   (Devlin on Deeds, § 1134.) When an attempt is made to convert a deed absolute in form into a mortgage, the evidence ought to be so clear as to leave no doubt that the real intention of the parties was to execute a mortgage; otherwise, the intention appearing on the face of the deed will prevail.   (*Henley* v. *Hotaling*, 41 Cal. 22; *Manasse* v. *Dinkelspiel*, 68 Cal. 404.   See, also, *People* v. *Irwin*, 14 Cal. 428; *Flagg* v. *Mann*, 14 Pick. 467; *Page* v. *Vilhac*, 42 Cal. 75; *Rich* v. *Doane*, 35 Vt. 125; *Morris* v. *Angle*, 42 Cal. 236; *Wallace* v. *Johnstone*, 129 U. S. 58; *Cadman* v. *Peter*, 118 U. S. 73; *Howland* v. *Blake*, 97 U. S. 624; *Horbach* v. *Hill*, 112 U. S. 144; *Coyle* v. *Davis*, 116 U. S. 108; *Robinson* v. *Cropsey*, 6 Paige, 480; *Calhoun* v. *Lumpkin*, 60 Tex. 185; *De Bruhl* v. *Maas*, 54 Tex. 464.)   If this transaction was a sale with a right to purchase back, then if the plaintiff failed to comply with the terms of the bond and pay the money fixed therein as the purchase price of the premises, he lost all his rights to compel, and cannot now compel a conveyance to him of the premises.   (3 Pomeroy's Equity Jurisprudence, § 1194, n. 1; *Hughes* v. *Sheaff*, 19 Iowa, 335; *Saxton* v. *Hitchcock*, 47 Barb. 220; *Whitney* v. *Townsend*, 2 Lans. 249; *Page* v. *Vilhac*, 42 Cal. 75; *Morris* v. *Angle*, 42 Cal. 236.)   The bond to reconvey was

not a defeasance in any acceptation of the term. (3 Comyn's Digest, title "Defeasance," p. 354.) The covenant or agreement to reconvey is not a defeasance necessarily, either at law or in equity. (Jones on Mortgages, § 260; *Calhoun* v. *Lumpkin, supra; Horbach* v. *Hill, supra; Henley* v. *Hotaling,* 41 Cal. 22.)

DE WITT, J. — We are of opinion that the plaintiffs' motion for a judgment on the pleadings was properly denied. The allegations of the complaint material to the plaintiffs' theory of the case are all specifically denied in the answer. The further matter set up in the answer, as to the indebtedness of Carl Kleinschmidt and the Blackfoot Horse and Cattle Company, existing and to be incurred, to defendants, being a lien on plaintiffs' interest in the land, was conditioned upon plaintiffs complying with the terms of the bond. It left the inquiry to be decided by the evidence, whether the intent of the parties was that the transaction should be a mortgage or a sale; and the court properly heard evidence upon that issue. The prayer of the complaint seems to be for specific performance on the bond. Plaintiffs pray that the defendants reconvey the premises. Such relief could not be granted on the bond.

An inspection of that instrument reveals the fact, that the obligors make no covenant to reconvey. They simply agree that, if the obligees pay them five thousand five hundred dollars and interest, and if they, the obligors, do *not* make, execute, and deliver a deed, then the bond of five thousand five hundred dollars shall be in full force, otherwise to be null. The obligors could discharge the bond by accepting the tender of five thousand five hundred dollars and interest, and then paying the penal sum of five thousand five hundred dollars to the obligees. No conveyance could be compelled under the bond if a valid tender had been made. But appellants, in their brief before us, demand "other and further relief," as prayed in the third division of the prayer of the complaint; that is, that the deed in evidence be declared to be a mortgage, and that they have leave to redeem such mortgage.

We have carefully examined the voluminous evidence in the record. It demonstrates beyond question that, although there

was a conflict and contradiction, the findings of the court are
sustained by the evidence and a preponderance thereof. Such
was the view of the lower court on the trial, and on the motion
for a new trial. This court will not now disturb those findings.
We will say in passing that the view we take of the other points
of the case makes it unnecessary to decide whether the fourteenth
finding is supported by the pleadings. That finding is not
necessary to the determination of the case.

The only other question before us is the conclusion of the
court, from the facts that the transactions were a sale and not a
mortgage.

This whole proposition has recently been so ably discussed,
and the law so clearly defined by the late territorial Supreme
Court through Mr. Justice Bach (*Gassert* v. *Bogk,* 7 Mont. 585),
that the law is no longer, with us, an open question. The court
in that case says: "The cases cited may be divided into three
classes: (1) Those cases in which the papers (deed and bond)
upon their face recite that the transaction is one for the security
of a loan. (2) Those cases where evidence *aliunde* shows that
a mortgage and not a sale was intended, including cases where
the evidence shows such facts as a previous loan, an application
for a loan, great difference in value, application on the part of
grantee to have the debt or portion thereof repaid. (3) Cases
in which the courts hold that a deed with contract to reconvey
are *per se* mortgages."

The case at bar is not included within the first class. The
court in *Gassert* v. *Bogk* disavow the doctrine in the third class.
The only standing for appellants is to bring themselves within
the second class.

Changing the names of parties to those in this case, we may
read again from *Gassert* v. *Bogk,* page 599: "In the case under
consideration, the deeds and contract upon their face show an
absolute conveyance. No obligation appears therefrom binding
Carl Kleinschmidt to pay anything; no words appear from
which the characteristic of security, so essential to a mortgage,
can be deduced. *Prima facie,* the transaction is one of sale. It
is incumbent upon the plaintiffs to produce some evidence tend-
ing to show that a mortgage in fact was intended." And at page
600, same case, as follows: "Where the papers do not show that

a security was meant, it is incumbent upon the party seeking to establish a mortgage to show that a mortgage was intended."

The court in the case before us has found from the evidence that a mortgage was not intended, but that the papers were intended as an absolute sale, and an independent privilege to repurchase. The reason and the authority of *Gassert* v. *Bogk* are sufficient in this case.

We are of opinion that the judgment and order denying the motion for a new trial should be affirmed, and it is so ordered.

BLAKE, C. J., and HARWOOD, J., concur.