MORRISON, APPELLANT, *v.* JONES ET AL., RESPONDENTS.

(No. 1,929.)

(Submitted June 17, 1904.  Decided July 9, 1904.)

*Mortgages—Deed Absolute on Its Face—Existence of Debt— Evidence—Nonsuit.*

1.  No conveyance absolute on its face can be a mortgage unless made to secure the payment of a debt or the performance of a duty.

2. A lease and option to purchase was assigned to secure a debt, the assignee to collect and account for the rents. Later the assignor deeded to the assignee, for a consideration much larger than the original debt, all her right and title to the property, the assignee agreeing to reassign if the assignor should pay him the consideration expressed in the deed before exercise of the option, and to reassign thereafter on payment of a larger sum. *Held,* that the deed was not a mortgage, there being no debt secured.

3. In an action to have a deed declared a mortgage the court may, on defendant's motion for a nonsuit, decree the instrument to be a deed, though there is no technical nonsuit in an equitable action.

4. In an action to have a deed decreed a mortgage, an agreement executed concurrently with the deed, whereby the grantee agreed to reconvey on certain conditions, was properly admitted in evidence.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by Elizabeth Morrison against J. O. Jones and wife. From a judgment for defendants, and from an order overruling a motion for a new trial, plaintiff appeals. Affirmed.

*Messrs. Kirk & Clinton,* and *Mr. Peter Breen,* for Appellant.

"Where there is a deed and a contract to reconvey, and oral evidence has been introduced tending to show that the transaction was one of security, and leaving upon the mind a well-founded doubt as to the nature of the transaction, then courts of equity incline to construe the transaction as a mortgage." (*Morris* v. *Budlong,* 78 N. Y. 543; *Cosby* v. *Buchanan,* 1 South. Rep. 898; *Ferris* v. *Wilcox,* 51 Mich. 105; *Conway's Ex'rs* v. *Alexander,* 7 Cranch. 218; *Hickman* v. *Cantrell,* 9 Yerg. 171.)

Parol evidence may be admitted to show that deeds and contracts to reconvey were given as security, and are therefore a mortgage. (*Peugh* v. *Davis,* 96 U. S. 333; *Farmer* v. *Grose,* 42 Cal. 169; *Hickman* v. *Cantrell* 9 Yerg. 171; 2 Devlin on Deeds, Sec. 1136, and cases cited; Jones on Mortgages, Sec. 248, and cases cited; Secs. 3814 and 3751, Civil Code of the State of Montana; *Brick* v. *Brick,* 98 U. S. 516; *Voss* v. *Eller,* 109 Ind. 263.)

On motion for a nonsuit, everything the evidence tends to prove is assumed to be true on appeal. (*Emerson* v. *Eldorado*

*Ditch Co.,* 18 Mont. 254; *Herbert* v. *King,* 1 Mont. 475; *Gans* v. *Woolfolk,* 2 Mont. 463; *McKay* v. *Montana Union Ry. Co.,* 13 Mont. 15; *State ex rel. Pigott* v. *Benton,* 13 Mont. 306.)

*Mr. George F. Shelton,* and *Mr. John J. McHatton,* for Respondents.

First.   There is no specification of insufficiency of the evidence to support the order of the court granting the nonsuit. Therefore, the court will not review the evidence.   (*Cain* v. *Gold Mt. Min. Co.,* (Mont.) 71 Pac. 1004; *Swift* v. *Min. Co.,* (Cal.) 70 Pac. 470; *Bell* v. *Staacke,* (Cal.) 70 Pac. 474.)

Second.   If the court should consider the evidence, the evidence conclusively establishes that the deed is an absolute deed. It appears that the deed and the written agreement were entered into about the same time (the agreement delivered after the deed was given), and that they constitute the whole contract between the parties.   All the talk and negotiations referred to by the witness Morrison, if it took place at all, took place before the execution of the deed and the agreement.   The writing constitutes the whole agreement and is not subject to be modified. (Sec. 3132, Code of Civil Procedure; see, also, *Housekeeper Pub. Co.* v. *Swift,* 97 Fed. 290, 295.)   The written agreement governs.   (Sec. 2186, Civil Code.)

Third.   This is an action in equity and it was the province and duty of the court to determine, from the evidence submitted, whether or not the plaintiff was entitled to succeed.   The court determined, upon the evidence submitted, that she was not, and that the deed was an absolute deed.   This concludes the matter.

Fourth.   The construction of a contract is for the court.   This being an action in equity, it was for the court to determine whether or not the plaintiff had supported the allegations of her complaint.   It had a right to do this upon whatever evidence was introduced by the plaintiff.   It was its province to determine whether or not a contract was proved.   It could do this upon the evidence if the evidence were oral, or upon the evi-

dence if the evidence were partially oral and partially in writing. Its duty to determine and construe the contract and its authority to do so was always present, but it appears that the contract between the parties was in writing and the construction of that contract was peculiarly for the court. (3 Am. and Eng. Ency. of Law, 1st Ed., p. 867.)

An offer of performance is of no effect if the person making it is not able and willing to perform according to the offer. (Sec. 2030, Civil Code.) If there had been an offer, it was not within the time, but the transaction itself would not constitute any tender. It is necessary that there should have been a tender made before the action could be maintained, even though the deed could have been decreed a mortgage under the evidence. (25 Am. and Eng. Ency. of Law, p. 898.) Tender of the purchase money is a prerequisite to maintenance of a suit for specific performance of a contract to sell real property. (*Askew* v. *Carr*, 81 Ga. 685.) The tender must be made in good faith, and if it be shown that the party making the tender did not intend to deliver the money or property, if the tender had been accepted, the tender is bad. (*Fisk* v. *Holden,* 17 Tex. 408; Sec. 2030, Civil Code.) The money must be in the possession or under the control of the party making the tender. (*Steele* v. *Biggs,* 22 Ill. 643; *Ladd* v. *Mason,* 10 Ore. 208; *Herberger* v. *Husman,* 90 Cal. 583, 27 Pac. 428.) Mere readiness and willingness of a debtor to pay, without offering or tendering payment, is not sufficient. (25 Am. and Eng. Ency. of Law, p. 916.) It was necessary that there should be a tender or payment within said time; otherwise, the appellant had no right thereunder. (Sec. 2025, Civil Code; *Ide* v. *Leiser,* 10 Mont. 5; *Grey* v. *Tubbs,* 43 Cal. 359, 364; *Mason* v. *Payne,* 47 Mo. 517.)

The agreement from Jones and wife to the appellant was admissible in evidence. (Sec. 3130, Code of Civil Procedure; *Woodward* v. *Jewell,* 140 U. S. 247; *Housekeeper Pub. Co.* v. *Swift,* 97 Fed. 209; *In re Howard,* 100 Fed. 630; Sec. 2186, Civil Code.)

The fact that an absolute deed was executed and an instru-

ment giving the plaintiff an option to purchase within a certain time was executed and delivered at the same time, does not constitute the deed a mortgage. (*Gassert* v. *Bogk,* 7 Mont. 585, s. c. 149 U. S. 17, 13 Sup. Ct. 741; *Henley* v. *Hotaling,* 41 Cal. 22; *Reed* v. *Bond,* 96 Mich. 134; *Stahl* v. *Dehn,* 72 Mich. 645; *McMillan* v. *Bissell,* 63 Mich. 66; *Buse* v. *Page,* 32 Minn. 114, 19 N. W. 736; 1 Jones on Mortgages, Secs. 264, 265; *Cowell* v. *Craig,* 79 Fed. 685; *Schriber* v. *Le Clair,* 66 Wis. 579; *Hayes* v. *Care,* 83 Ind. 284; *Ganceart* v. *Henry,* 98 Cal. 281, 284, 33 Pac. 92.).

The criterion by which to determine whether the instrument is a deed, with an agreement to reconvey, or a mortgage, is whether there is a subsisting and continuing debt from the grantor to the grantee. (*Gassert* v. *Bogk, supra; Farmer* v. *Grose,* 42 Cal. 169; *Hickox* v. *Lowe,* 10 Cal. 197; *Page* v. *Volhac,* 42 Cal. 75; *Lodge* v. *Turman,* 24 Cal. 385; *Kuhn* v. *Rumpp,* 46 Cal. 299; *Montgomery* v. *Spect,* 55 Cal. 352; *Manassa* v. *Dinkelspiel,* 68 Cal. 404, 406; *Eaton* v. *Rocca,* 75 Cal. 93, 97; *Glover* v. *Payn,* (N. Y.) 19 Wend. 518; Warvelle on Vendors, p. 175, Sec. 130, Sec. 173.)

Time is of the essence of the contract. (*Cleary* v. *Folger,* 84 Cal. 316; *Magee* v. *McManus,* 70 Cal. 538; *Brink* v. *Steadman,* 70 Ill. 241; Warvelle on Vendors, Sec. 807; *Grey* v. *Tubbs,* 43 Cal. 364; *Reddish* v. *Smith,* 10 Wash. 178, 38 Pac. 1003; Warvelle on Vendors, Sec. 808; *Ide* v. *Leiser,* 10 Mont. 5; *Mason* v. *Payne,* 47 Mo. 517; *Knatt* v. *Stevens,* 5 Ore. 235; *Reynolds* v. *R. R. Co.,* 11 Neb. 186, 7 N. W. 737; *Barnard* v. *Lee,* 97 Mass. 92; *Kimball* v. *Cook,* 70 Ill. 553; *Mo. R. etc. R. Co.* v. *Brickley,* 21 Kan. 275; Warvelle on Vendors, Sec. 98; Civil Code, Sec. 2223.)

The contract, being clear in its terms, must speak for itself and cannot be explained by parol testimony. (*Blake* v. *Pine Mt. Iron & Coal Co.,* 76 Fed. 624, 654; Warvelle on Vendors, Sec. 114; Civil Code, Secs. 2200 *et seq;* Sec. 2186; Code of Civil Procedure, Sec. 3132.)

The evidence must be clear, specific and satisfactory, and of such a character as to leave in the mind of the chancellor no hesitation or substantial doubt. (*Wilson* v. *Harris,* 21 Mont. 374, 431; *U. S.* v. *King,* 9 Mont. 75, 78; *Gassert* v. *Bogk, supra; Jasper* v. *Hazen,* (N. Dak.) 23 L. R. A. 62, 63, and cases cited; Sec. 3132, Code of Civil Procedure.)

MR. COMMISSIONER POORMAN prepared the following opinion for the court:

This is an action to have a deed to certain real estate declared a mortgage, and for an accounting of the rents and profits. At the trial of the case the court sustained defendants' motion for a nonsuit, and entered judgment in favor of defendants. The plaintiff appeals from the judgment and from an order overruling her motion for a new trial.

1. It appears from the record that on the 11th day of May, 1898, John Noyes and wife, being then the owners of lot 2 in block 58 of the Butte townsite, leased the same to the plaintiff herein for the period of three years, and also in the lease gave the plaintiff an option to purchase the property for the sum of $4,500, on condition that she comply with all the terms of the lease with reference to the payment of rent, and should make the payments specified in the option within the time therein stated, the last payment thereof being the sum of $2,500, which was to be paid on or before the 11th day of May, 1901. Time was made of the essence of this agreement, and the lease as well as the option was to become null and void in case the lessee (appellant here) should fail to comply with the terms thereof. On May 4, 1899, Mrs. Morrison, the appellant here, became indebted to the respondent Jones in the sum of $3,300, and as security for the payment thereof assigned to Jones this lease and option, with the agreement that Jones should have possession of the property, should rent the same, and account for the net proceeds arising therefrom. This indebtedness from Mrs. Morrison to Jones appears to have been increased, and on May 2, 1900, Mrs. Morrison executed and delivered to Jones, for a

consideration of $5,089.80, a bargain and sale deed, by the terms of which she sold, assigned, transferred and conveyed to Jones and his heirs all of her right, title, interest, claim, demand, possession and right of possession of, in and to this property. This deed also makes specific reference to this lease and option which then existed between Noyes, the owner of the property, and Mrs. Morrison, and includes the lease in the conveyance. The deed then contains this further statement: "It is agreed and understood, that if said second party shall make the payments required under said lease and agreement from said John Noyes and his wife to the said first party and obtain a deed of conveyance for said premises, that the title thereby conveyed shall be and remain the property of said second party or his assigns, free from all claims and demands of the said first party, and all and every person claiming, or to claim through and under her." It is further specified in this deed that the grantor surrenders to the grantee, Jones, the right to the possession of the property, "and he shall henceforth be entitled * * * to the same, and to receive the rents, issues and profits thereof without let or hindrance on the part of the first party or any person claiming under her." Concurrent with this deed a written agreement was entered into between the parties, by the terms of which Jones is declared to be the owner of this lease and agreement to convey, executed by Noyes to Mrs. Morrison, and Jones further agrees therein that he will assign this lease and option to Mrs. Morrison on condition that she pay to him the sum of $5,089.80, together with interest, on or before the 14th day of May, 1901, provided this payment is made before Jones shall acquire a deed of conveyance from Noyes, but that, if Jones shall acquire the deed of conveyance from Noyes, then the amount required to be paid is the sum of $5,089.80, plus $2,500, besides the interest thereon, which payment shall be made before the 14th day of May. In the event this payment is made by Mrs. Morrison at any time prior to the 14th day of May, 1901, Jones agrees to account to her for the rents received from the premises from May 2, 1900.

The appellant contends that this deed is a mortgage. The rule adopted by this court for determining whether a deed absolute on its fact is a mortgage is that no conveyance can be a mortgage unless it is made for the purpose of securing the payment of a debt or the performance of a duty existing at the time the conveyance is made, or to be created or to arise in the future. (*Gassert* v. *Bogk,* 7 Mont. 585, 19 Pac. 281, 1 L. R. A. 240.)

The original indebtedness, as will be noticed, was $3,300. The consideration expressed in this deed was $5,089.80. A considerable portion of this consideration was therefore not included within the former agreement between the parties, and was not secured thereby. The test is whether the grantor in the deed sustains the relation of a debtor to the grantee. In the present case, could the grantee Jones, at any time after the execution of the deed, have successfully prosecuted an action against Mrs. Morrison to recover the consideration expressed in the deed? The written terms of the deed and the concurrent agreement appear to cover about every phase of the case, and negative any claim of indebtedness. Mrs. Morrison does not in either of these instruments agree in any manner to pay to Jones any sum whatsoever. There is nothing in either of these instruments that would give Jones any right of action against Mrs. Morrison, nor could he, under the terms of these instruments, maintain any action against her or compel her to pay him any sum whatsoever. There was, therefore, no indebtedness existing between these parties; hence there could be no mortgage; for if this instrument was a mortgage as to Mrs. Morrison, it was also a mortgage as to Jones, and, if a mortgage, there must have been an indebtedness. Being no indebtedness, there could be no mortgage. (*Gassert* v. *Bogk, supra; Martin* v. *Allen,* 67 Kan. 758, 74 Pac. 249; *Reed* v. *Parker,* 33 Wash. 107, 74 Pac. 61.)

It further appears from this record that Mrs. Morrisson did not pay Noyes the $2,500 due under her option May 11, 1901, but that defendant Jones made this payment. If this instru-

ment was in fact a mortgage, and Jones had not made this pay-
ment to Noyes, the rights of both Mrs. Morrison and Jones
would finally have terminated with respect to this property,
and Mrs. Morrison would still be liable to Jones for this in-
debtedness, if it was an indebtedness, of $5,089.80, with the
interest thereon; but that indebtedness was canceled by the tak-
ing of this deed, as appears from the written agreement between
the parties in this case.

The claim made by appellant that this deed is a mortgage
cannot be sustained.

2. There is no evidence in this cause showing that any pay-
ment or tender was made to Jones within the time required by
the terms of this written contract, or in fact that any tender
whatsoever was made. The plaintiff's rights, if she had any,
to enforce a conveyance, were therefore lost by her failure to
comply with this written agreement.

3. It is further complained that the court improperly en-
tered judgment decreeing this instrument to be a deed; that the
same could not properly be done on a motion for nonsuit. This
is strictly an equitable action, and the defendant may, if he
chooses, at the close of plaintiff's case, submit the cause to the
court for decision; and where the plaintiff's evidence fails to
sustain the allegations of her complaint there is no inconsistency
in the court's rendering judgment on the merits of the cause, so
far as it is necessary for plaintiff to maintain the same to en-
title her to recover. There is no such thing as technical non-
suit in a strictly equitable action.

4. The appellant claims, in his specification of errors, that
the introduction in evidence of this concurrent agreement dated
May 2, 1900, was error. This agreement was a part of the
transaction between plaintiff and defendants respecting this
property, and it was a proper matter to be inquired into by the
court.

We recommend that the judgment and order appealed from
be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order are affirmed.

MR. JUSTICE MILBURN, not having heard the argument, takes no part in this decision.

