ROBITAILLE, ADMR., APPELLANT, v. BOULET, RESPONDENT.

(No. 3,705.)

(Submitted September 22, 1916. Decided November 20, 1916.)

[161 Pac. 163.]

*Deeds Absolute — Mortgages — Evidence—Sufficiency—Appeal and Error—Briefs—Specification of Errors—Equity Cases— Findings—Sufficiency—Review.*

Appeal and Error—Briefs—Specification of Errors.
    1.   Where appellant's only contention was that the evidence in an equity case was insufficient to sustain the court's findings, his failure to comply with the court's rule requiring appellant's brief to contain a specification of errors, *held* insufficient to command a dismissal of the appeal.

Deeds Absolute—Mortgages—How Character of Instruments Determined.
    2.   Whether a deed absolute on its face was to evidence a sale or security for a debt only depends upon the intention of the parties at the time of the transaction.

    [As to parol evidence supplementing deed by proof of collateral oral agreement, see note in **Ann. Cas. 1914A, 455.**]

Equity Cases—Findings—Insufficient Evidence—Review.
    3.   The appellant in an equity case claiming that the evidence is insufficient to sustain the court's findings has the burden of showing that it preponderates against them.

Deed Absolute—Mortgage—Evidence—Sufficiency.
    4.   Evidence *held* sufficient to support the court's finding that a deed absolute on its face was intended to evidence a sale, and not a mortgage.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by Mose Robitaille, as administrator of the estate of Frank Robitaille, against J. W. Boulet. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Affirmed.

*Mr. Edward F. O'Flynn,* for Appellant, submitted a brief, and argued the cause orally.

"The continued adverse possession of lands by the vendor after his formal conveyance of the legal title is a fact in conflict with the legal effect of his deed, and is presumptive evidence

that he still retains an interest in the premises." (*Pell* v. *McElroy,* 36 Cal. 268; *Peugh* v. *Davis,* 96 U. S. 332, 338, 24 L. Ed. 775, 777; *Groff* v. *State Bank,* 50 Minn. 234, 36 Am. St. Rep. 640, 52 N. W. 651.)

The intention of the parties in the transaction is an important element in determining whether or not the deed was a mortgage. (27 Cyc. 1007; *Cobb* v. *Day,* 106 Mo. 278, 17 S. W. 323; *Miller* v. *Ausenig,* 2 Wash. Ter. 22, 3 Pac. 111; *Peugh* v. *Davis, supra.*)

Evidence that a party did not pay taxes on land to which he has a deed is admissible as tending to rebut his claim of ownership, and to show that the deed was given as a mortgage. (*Stevens* v. *Hulin,* 53 Mich. 93, 18 N. W. 569; *O'Toole* v. *Omlie,* 8 N. D. 444, 79 N. W. 849; 27 Cyc. 1015, 1016, and note.)

In a case such as this, it is competent to show that the deceased was in financial straits at the time he made the deed. (*Russell* v. *Southard,* 12 How. (53 U. S.) 139, 13 L. Ed. 927; *Morris* v. *Nixon,* 1 How. (42 U. S.) 118, 11 L. Ed. 69.)

As to the law in relation to declaring a deed absolute on its face a mortgage, see *Peugh* v. *Davis; O'Toole* v. *Omlie; Miller* v. *Ausenig, supra; Lee* v. *Evans,* 8 Cal. 424; *Pierce* v. *Robinson,* 13 Cal. 116, 129; *Husheon* v. *Husheon,* 71 Cal. 407, 12 Pac. 410; *Byrne* v. *Hudson,* 127 Cal. 254, 59 Pac. 597; 2 Washburn on Real Property, p. 42.

*Mr. William Meyer,* for Respondent, submitted a brief and argued the cause orally.

Before a court will find a deed absolute on its face to be a mortgage, the proof must be clear, unequivocal and convincing. (27 Cyc. 1024 (4); *Jasper* v. *Hazen,* 4 N. D. 1, 23 L. R. A. 58, 58 N. W. 454; *Armor* v. *Spalding,* 14 Colo. 302, 23 Pac. 789.) And in *Devore* v. *Woodruff,* 1 N. D. 143, 45 N. W. 701, it was held that even where there was a separate agreement to reconvey on the payment of a specified sum, this was not conclusive proof that an absolute deed was intended as a mortgage. In *Larson* v. *Dutiel,* 14 S. D. 476, 85 N. W. 1006, it was held that where a

deed was given to mortgaged premises in satisfaction of promissory notes, which notes were not returned to the grantor, this was an absolute conveyance.

In *Sullivan* v. *Woods*, 5 Ariz. 196, 50 Pac. 113, it was held that a mere preponderance of the evidence was not sufficient to show a deed absolute on its face to be a mortgage.

The first case in which this question was raised in this state was in the case of *Gassert* v. *Bogk,* in which it was held that a deed and contemporaneous agreement to reconvey did not constitute a mortgage unless the deed is shown to have been given as security for the performance of some act or obligation or for the payment of a debt. (*Gassert* v. *Bogk,* 7 Mont. 585, 1 L. R. A. 240, 19 Pac. 281.) This proposition next received consideration in the case of *Kleinschmidt* v. *Kleinschmidt,* 9 Mont. 477, 484, 24 Pac. 266, where it was held that a deed absolute with a bond to reconvey was not a mortgage unless the evidence showed that it was intended as such. More recently this proposition was considered in the case of *Murray* v. *Butte-Monitor Tunnel Min. Co.,* 41 Mont. 449, 110 Pac. 497, 112 Pac. 1132. In this case all the authorities are reviewed upon this subject, and while it was there decided that the sale was only intended as a pledge, the facts were not at all similar to the facts in the case at bar. The facts in the case at bar are identical with those in the case of *Morrison* v. *Jones,* 31 Mont. 154, 77 Pac. 507. In that case the court held that the deed was not a mortgage, even though there was an agreement executed wherein the grantor was given permission to repurchase the property, upon making certain payments.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On September 27, 1909, Frank Robitaille, by a deed absolute in form, conveyed to J. W. Boulet a ranch, consisting of approximately 1,100 acres, situated at Feely Station, in Silver Bow county. In June, 1912, Robitaille died, and the administrator of his estate instituted this suit to have the deed de-

clared to be a mortgage, to secure an accounting of rents and profits, and to redeem the property. The only material issue raised by the pleadings is whether the conveyance was intended to evidence an absolute sale or security for a debt. The trial resulted in favor of defendant, and plaintiff appealed from an order denying him a new trial.

1. *On the Motion to Dismiss.* In the preparation of his brief, [1] counsel for appellant apparently made no effort to comply with rule 10, subdivision 3b, of the rules of this court (123 Pac. xii). There are not any specifications of errors, but since there is but a single contention made, *viz.,* that the evidence is insufficient to sustain the findings, we overlook the shortcomings of counsel in this instance in order to reach the merits of the controversy. The motion to dismiss is overruled.

2. *On the Merits.* The solution of the question presented de- [2] pends altogether upon the intention of the parties to the transaction of September 27, 1909. (27 Cyc. 1007.) The evidence offered by the plaintiff tended to prove that the trans- [3, 4] action had its inception in an application by Robitaille to Boulet for a loan; that Robitaille was in financial straits and pressed by a creditor who had a mortgage upon his ranch; that Boulet gave to Robitaille an agreement of some sort, by the terms of which the ranch could be repurchased at the end of one year for a fixed sum; that Robitaille retained possession of the ranch; that for the subsequent years the ranch was assessed to Robitaille; that Robitaille made payments of considerable sums to Boulet after the transaction; that a contemporaneous agreement with reference to Robitaille's personal property lends aid to plaintiff's theory; and that the ranch was reasonably worth a very much greater sum than passed as the consideration for the deed. These facts and circumstances, if standing alone and unexplained, would warrant a finding that the deed was intended as a mortgage to secure an existing indebtedness. (*Murray* v. *Butte-Monitor Tunnel Min. Co.,* 41 Mont. 449, 110 Pac. 497, 112 Pac. 1132.)

Unfortunately for plaintiff, the facts and circumstances enumerated above do not stand alone, and are not unexplained. Moreover, in this court, plaintiff must sustain the burden of showing that the evidence preponderates against the trial court's findings. (*Gibson* v. *Morris State Bank*, 49 Mont. 60, 140 Pac. 76.) The evidence as a whole is in sharp conflict as to the character of the possession by Robitaille after September 27, 1909, as to who defrayed the expense of operating the ranch and improving it, as to who paid the taxes, and as to the value of the ranch at the time the deed was given. Defendant offered evidence to the effect that Robitaille's application for a loan was rejected altogether; that the transaction was a sale outright; that for a valuable consideration, subsequently passed to him; Robitaille surrendered his contract to repurchase; that the transaction relating to the personal property was independent of the one relating to the real estate; that after September 27, 1909, Robitaille frequently disclaimed any interest in this ranch, and finally made homestead entry on 160 acres of government land located near by. An explanation of the payments made by Robitaille to Boulet, after September 27, 1909, was also tendered.

The trial court, with the witnesses before it, and therefore in a better position than are the members of this court to pass upon their credibility and the weight to be given to the testimony, accepted defendant's theory of the transaction, and found that the deed was intended to evidence an absolute sale, and was not intended as a mortgage to secure an indebtedness. Having accepted defendant's evidence as true, that finding is amply supported by the record. (*Morrison* v. *Jones*, 31 Mont. 154, 77 Pac. 507.)

Appellant has failed to sustain the burden of showing that the evidence preponderates against the findings, and for this reason the order is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.